UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL LORUSSO,
    Petitioner,

vs.                                        Case No.:  1:25cv111/MW/ZCB

STATE ATTORNEY'S OFFICE, et al.,
    Respondents.
_____/

## REPORT AND RECOMMENDATION

Petitioner has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1]  (Doc. 2).  The habeas petition challenges Petitioner's ongoing state criminal proceedings in the Sixth Judicial Circuit, Pinellas County, Florida.  (*Id.*).  Petitioner is currently confined in the North Florida Evaluation and Treatment Center in Gainesville, Florida, for competency restoration.  (*Id.*).  For the reasons below, this case should be dismissed because it is duplicative and abstention is warranted under *Younger v. Harris*, 401 U.S. 37 (1971).

---

[1] On or about April 22, 2025, Petitioner filed six different handwritten petitions. The Clerk originally filed them all in one case, *Lorusso v. Florida Department of Corrections*, 1:25cv105-TKW/MAF, but subsequently re-docketed them as separate cases.

1

## I.   Background

Petitioner's habeas petition is difficult to follow. But after reading and re-reading the allegations, the Court has gleaned what it believes are Petitioner's claims. Petitioner appears to claim that he is being held in violation of the First and Fourteenth Amendments. (Doc. 2 at 4, 6). He alleges that the State is prosecuting him under a non-criminal statute and based on fabricated evidence. (*Id.* at 2, 4-6). Petitioner also alleges that his pending prosecution is retaliation for previously filing a 28 U.S.C. § 2254 habeas petition in the U.S. District Court for the Middle District of Florida. (*Id.* at 2-3). Although Petitioner does not precisely identify the relief he seeks, it is apparent he wants this Court to intervene in the pending state court prosecution.

## II.   Discussion

### A.   Petitioner's habeas petition is duplicative.

The Court has reviewed Petitioner's litigation history and determined that he is pursuing another habeas action in this Court asserting the same claims, *Lorusso v. State Attorney's Office, et al.*, Case No. 1:25cv108/MCR/MAF (N.D. Fla.). Petitioner's claims are still pending review and disposition in that case. Because this habeas case is

duplicative of the other pending habeas case, this case should be dismissed. *See I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551–52 (11th Cir. 1986) (noting that federal courts have inherent administrative power to dismiss duplicative litigation to avoid wasting judicial resources); *see also Martin v. Sec'y, Dep't of Corr.*, No. 24-10677, 2024 WL 2853188, at *1 (11th Cir. June 5, 2024) (applying the same rule to a duplicative habeas appeal); *Nieves v. Sec'y, Dep't of Corr.*, No. 19-10486-A, 2019 WL 2108049 (11th Cir. Apr. 24, 2019) (same); *Daker v. Warren*, No. 17-11121-J, 2017 WL 4417827, at *1 (11th Cir. June 21, 2017) (same).[2]

### B.  Abstention is required under the *Younger* doctrine.

Dismissal is also warranted because of the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, "a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final." *Johnson v. Fla.*, 32 F.4th 1092, 1099 (11th Cir.

---

[2] *See also, e.g.*, *Lorusso v. Secretary, Department of Corrections*, No. 2:25-cv-27, 2025 WL 436358, at *1 (M.D. Fla. Jan. 17, 2025) (dismissing § 2241 petition seeking federal intervention in pending state criminal proceedings as duplicative).

2022). *Younger* abstention is warranted when "(1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue." *Id.* at 1099. There are three "narrow exceptions" to *Younger* abstention: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.*

Here, the requirements of *Younger* abstention are met. First, there is an active criminal case against Petitioner pending in the Pinellas County Circuit Court. *See State of Florida v. Lorusso*, Case No. 2024-CF-06524 (Pinellas Cnty. Cir. Ct.). Second, a state criminal prosecution involves important state interests. *See Boyd v. Georgia*, 512 F. App'x 915, 918 (11th Cir. 2013) (explaining that the state has an important interest in prosecuting criminal offenses). Finally, there is no reason to believe that the Florida state court where the criminal action is pending will not afford Petitioner an adequate opportunity to raise the issues presented in his § 2241 petition.

Because the three requirements for *Younger* abstention are met, abstention is appropriate unless Petitioner has shown that an exception applies. *See Leonard v. Ala. State Bd. of Pharm.*, 61 F.4th 902, 908, 912 (11th Cir. 2023) (recognizing that "the burden is on the plaintiff to show" that a *Younger* exception applies).[3]  None do.

Looking first to the bad faith exception, the Supreme Court has held that "bad faith in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Leonard*, 61 F.4th at 911 (cleaned up).  Here, Petitioner has failed to show that the state prosecution was brought with no "reasonable

---

[3] Petitioner is aware of *Younger* abstention and its exceptions because he has filed numerous habeas cases in the Middle District of Florida that were dismissed on this basis. *See, e.g.*, *Lorusso v. Pinellas County Sheriff*, No. 8:25-cv-00189 (M.D. Fla. Jan. 28, 2025) (dismissed on grounds of exhaustion and *Younger*); *Lorusso v. Pinellas County Sheriff, et al.*, No. 8: 25-cv-00188 (M.D. Fla. Jan. 28, 2025) (same); *Lorusso v. State Attorney Bruce Bartlett*, No. 8:25-cv-00343 (M.D. Fla. Feb. 11, 2025) (same); *Lorusso v. State Attorney Bruce Bartlett, et al.*, No. 8:25-cv-00345 (M.D. Fla. Feb. 11, 2025) (same); *Lorusso v. Pinellas County Sheriff, et al.*, No. 8:25-cv-00355 (M.D. Fla. Mar. 20, 2025) (same); *Lorusso v. Pinellas County Sheriff, et al.*, No. 8:25-cv-00356 (M.D. Fla. Feb. 14, 2025) (same); *Lorusso v. Pinellas County Sheriff, et al.*, No. 8:25-cv-00357 (M.D. Fla. Feb. 14, 2025) (same); *Lorusso v. Warden, Pinellas County Jail*, No. 8:24-cv-02870 (M.D. Fla. Dec. 17, 2024) (same); *Lorusso v. Warden, Pinellas County Jail*, No. 8:25-cv-00081 (M.D. Fla. Jan. 17, 2025) (dismissed on several grounds, including *Younger*).

expectation" of securing a conviction. Petitioner alleges the statute under which he is charged, Fla. Stat. § 39.205(9), is not a criminal statute. But it is. The statute makes it a third-degree felony to knowingly and willfully make a false report of child abuse, abandonment, or neglect (or to advise another to do so). Fla. Stat. § 39.205(9). Moreover, Petitioner's allegations that there is insufficient evidence do not satisfy *Younger*'s bad faith exception. *See Davis v. Powell*, No. 3:23cv6488/LAC/HTC, 2023 WL 4905495, at *3 (N.D. Fla. July 13, 2023), *adopted by* 2023 WL 4912185 (finding that petitioner's allegations regarding false statements by a detective in a probable cause affidavit were insufficient to satisfy *Younger*'s bad faith exception); *see also Phillips v. Maddox*, No. 1:21-CF-4455-WMR-CMS, 2021 WL 12224538, at *2 (N.D. Ga. Dec. 15, 2021), *adopted by* 2022 WL 22432867 (concluding that petitioner's challenges to his arrest warrant, including whether it was supported by probable cause, did not satisfy an exception to *Younger*).

The Court will now turn to the second exception. To show irreparable injury in the context of an ongoing state criminal prosecution, Petitioner must demonstrate that "the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45. Petitioner has not made

6

such a showing here. There is no reason for the Court to believe that abstaining will result in Petitioner suffering irreparable injury.

Moving finally to the third exception, Petitioner has failed to show that the Florida state courts are an inadequate forum for his constitutional challenges. "Adequacy in this context is not about the quality of the state proceedings, but rather about whether the challenge *can be raised* in the pending state proceedings at all." *Leonard*, 61 F.4th at 908 (cleaned up). Put another way, "what matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts." *Id.* (cleaned up). Petitioner has pointed to nothing in Florida state law or procedure that would prohibit him from raising in state court the same issues he has raised in his § 2241 petition.

For these reasons, abstention under *Younger* serves as an additional basis for dismissal of this case. *See Jackson v. Georgia*, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sua sponte* dismissal on *Younger* abstention grounds in a case that attempted to challenge an ongoing state criminal prosecution).

### III. Conclusion

Because the 28 U.S.C. § 2241 petition is duplicative and subject to *Younger* abstention, it should be dismissed without prejudice.[4]

### IV.   Certificate of Appealability

A certificate of appealability is required for a pretrial detainee to appeal the dismissal of a federal habeas corpus petition. *Hiteshaw v. Butterfield*, 262 F. App'x 162, 163 (11th Cir. 2008). "Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (cleaned up).

---

[4] *See Daker v Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) (explaining that a duplicative complaint is properly dismissed without prejudice); *see also Hale v. Pate*, 694 F. App'x 682, 684 (11th Cir. 2017) (explaining that a petition subject to *Younger* abstention is properly dismissed without prejudice).

Here, Petitioner cannot make the requisite showing. Therefore, the undersigned recommends that the final order in this case deny Petitioner a certificate of appealability. If Petitioner objects to this recommendation, then he may present argument on the issue by bringing it to the district judge's attention in his objections.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The 28 U.S.C. § 2241 habeas petition (Doc. 2) be **DISMISSED without prejudice** as duplicative and based on *Younger* abstention.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida this 8th day of May 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.